

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,942

### EX PARTE TONY WAYNE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13,785-93 IN THE 114ᵀᴴ DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment and a five thousand dollar fine. Applicant's appeal was dismissed by the Twelfth Court of Appeals. *Anderson v. State*, No. 12-93-312-CR (Tex. App.–Tyler, delivered June 29, 1994).

Applicant contends that he was denied the right to appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

Applicant's attorney filed a notice of appeal on behalf of Applicant, but the trial judge denied permission to appeal. Applicant had no agreement as to his punishment. Applicant should have been allowed to appeal the punishment phase of his trial. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 13,785-93 from the 114th Judicial District Court of Wood County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: June 18, 2008
Do Not Publish